IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| TAYLOR BENOIST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:19-cv-02704-SHM-tmp |
| | ) | |
| TITAN MEDICAL MANUFACTURING, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DENYING MOTION TO STRIKE**

Before the Court is Defendant Titan Medical Manufacturing, LLC's ("Titan") November 16, 2020 Motion to Strike (the "Motion"). (D.E. No. 45.) Plaintiff Taylor Benoist ("Benoist") responded on December 2, 2020. (D.E. No. 53.) The Motion is DENIED.

Benoist filed a complaint against Titan on October 16, 2019. (D.E. No. 1.) Titan answered on November 14, 2019. (D.E. No. 8.) On October 26, 2020, Titan filed its motion for summary judgment. (D.E. No. 33.) On October 26, 2020, Benoist filed her motion for partial summary judgment. (D.E. No. 34.) Benoist filed corrections to that motion on October 26, 2020, and October 29, 2020. (D.E. Nos. 35, 38.)

On November 2, 2020, Benoist filed her response to Titan's motion for summary judgment. (D.E. No. 42.) Benoist included in that filing a Supplement [sic] Statement of Facts Response and Additional Facts (the "Statement"). (D.E. No. 42-1.) The Statement was formatted so that the additional facts were interspersed with the responses to Titan's statements of fact. (See id.)

On November 16, 2020, Titan filed the Motion seeking to strike portions of Benoist's Statement. (D.E. No. 45.) Titan argues that the Statement should be stricken for failing to comply with the Federal Rules of Civil Procedure and the Local Rules. Titan argues that the Statement improperly disputes Titan's statement of facts by failing to include citations to the record. (D.E. No. 45 at 1008.) Titan argues that the Statement improperly presents additional facts because those facts are not compiled in a concise statement, include facts, which if contained in a concise statement, would exceed the page allotment for that statement, and do not include citations to the record when stating the additional facts. (D.E. No. 45 at 1008-09.) Titan did not respond to the additional facts that exceeded the page limit, but reserved the right to respond if its Motion were denied. (D.E. No. 45 at 1010 n.3.)

Benoist responds that Titan's only meritorious argument is that the Statement includes additional facts that exceed five

2

pages when compiled in a concise statement. (D.E. No. 53 at 1272.) Benoist acknowledges that she exceeded the page limit in the Local Rules, but she says that, because motions to strike are disfavored, she should be admonished to file in compliance with the Local Rules in the future. (Id.)

The Federal Rules of Civil Procedure provide no grounds for motions to strike documents that are not pleadings. See Fed.R.Civ.P. 12(f) ("The court may strike from a pleading . . . ."); Fox v. Michigan State Police Dep't, 173 F. App'x 372, 375 (6th Cir. 2006) ("Under Fed.R.Civ.P. 12(f), a court may strike only material that is contained in the pleadings."); United States v. Crisp, 190 F.R.D. 546, 550 (E.D. Cal. 1999) ("The Federal Rules of Civil Procedure do not provide for a motion to strike documents or portions of documents other than pleadings."); cf. Barnaby v. Witkowski, 758 F. App'x 431, 435 (6th Cir. 2018) (affirming district court's striking of the last page of a response brief that was longer than the local rules allowed because the interpretation and application of local rules are matters within the district court's discretion (internal quotations omitted)).

The Statement is not a pleading and cannot be stricken. Pleadings, under Federal Rule of Civil Procedure 7(a), are: "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a

crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer." Fed.R.Civ.P. 7(a). The Statement is attached to a response brief, which does not fit the definition of a pleading. No portion of it can be stricken. See Fox, 173 F. App'x at 375 ("Exhibits attached to a dispositive motion are not 'pleadings' within the meaning of Fed.R.Civ.P. 7(a) and are therefore not subject to a motion to strike under Rule 12(f).").

Although the Motion must be denied because the Statement is not a pleading, "[a] motion to strike matters that are not part of the pleadings may be regarded as an 'invitation' by the movant 'to consider whether [proffered material] may properly be relied upon.'" Crisp, 190 F.R.D. at 550 (quoting Monroe v. Bd. Of Educ., 65 F.R.D. 641, 645 (D. Conn. 1975) ("[A] motion to strike has sometimes been used to call to courts' attention questions about the admissibility of proffered material in [ruling on motions]."); see also Wimberly v. Clark Controller Co., 364 F.2d 225, 227 (6th Cir. 1966) ("The motion to strike the affidavits was filed pursuant to Rule 12(f) . . . . This rule specifically relates to matters to be stricken from pleadings but does not make provision for testing the legal sufficiency of affidavits by a motion to strike. At best, the motion to strike raised an issue as to the admissibility of the evidence offered in the affidavit, and the competency of the affiant to testify to the

matters stated therein. . . . The Court has discretion to disregard those facts which would not be admissible in evidence, and to rely on those facts which are competent evidence."). The Court will consider whether, for example, facts presented without citation to the record are reliable when deciding the cross motions for summary judgment.

The Motion is DENIED. Counsel for Benoist is admonished to comply with the Local Rules when filing in the future. Titan has fourteen (14) days to respond to the statements of additional facts included in the Statement to which it has reserved the right to respond.

SO ORDERED this 30th day of April, 2021.

                                     */s/ Samuel H. Mays, Jr.*
                                     SAMUEL H. MAYS, JR.
                                     UNITED STATES DISTRICT JUDGE