# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

|  |  |  |
|---|---|---|
| TAYLOR BENOIST, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:19-cv-02704-SHM-tmp |
| TITAN MEDICAL MANUFACTURING, LLC, | ) ) ) | JURY DEMANDED |
| Defendant. | ) ) | |

## ORDER DENYING MOTION FOR RECONSIDERATION

On June 18, 2021, Plaintiff Taylor Benoist ("Benoist") filed a Motion for Reconsideration (the "Motion"). (D.E. No. 67.) The Motion is DENIED.

## I. BACKGROUND

The background is more completely stated in the Court's June 15, 2021 Order granting in part and denying in part Defendant Titan Medical Manufacturing, LLC's ("Titan") motion for summary judgment (the "Order"). (D.E. No. 66.)

The Court, in the Order, denied Benoist's sexual harassment claim against Titan. (Id. at 1379) The sexual harassment claim was denied because Titan was not liable for any harassment. (Id. at 1378.)

In the Motion, Benoist asks the Court to reconsider its decision that Titan is not liable for any harassment. (D.E. No. 67.)

## II. JURISDICTION

The Court has jurisdiction over Benoist's claims against Titan. (D.E. No. 66 at 1373.)

## III. STANDARD OF REVIEW

A district court has inherent authority to reconsider an interlocutory order. Smith v. Marten Transp., LLC, No. 2:19-cv-02135-TLP-atc, 2020 WL 5222424, at *2, at *3 (W.D. Tenn. Sept. 1, 2020) (citing Leelanau Wine Cellars, Ltd. v. Black & Red, Inc., 118 F. App'x 942, 945-46 (6th Cir. 2004)); see also Rodriguez v. Tenn. Laborers Health & Welfare Fund, 89 F. App'x 949, 959 (6th Cir. 2004) ("District courts have authority both under common law and [Federal] Rule [of Civil Procedure] 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of final judgment.").

"Courts revise interlocutory orders only when 'there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice.'" Marten Transp., 2020 WL 5222424, at *2 (quoting Louisville Jefferson Cty. Metro. Gov't v. Hotels.com, L.P., 590 F.3d 381, 389 (6th Cir. 2009)).

2

The relevant portion of Local Rule 7.3 provides that a motion to reconsider must demonstrate "a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order." W.D. Tenn. R. 7.3(b). However, "[n]o motion for revision may repeat any oral or written argument made by the movant in support of or in opposition to the interlocutory order that the party seeks to have revised." W.D. Tenn. R. 7.3(c); see also In re Regions Morgan Keegan Secs., Derivative, No. 07-2784, 2010 WL 5464792, at *1 (W.D. Tenn. Dec. 30, 2010) (quoting 11 Charles Alan Wright, et al., Federal Practice and Procedure § 2810.1 (2d ed. 1995)) ("Motions 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'") Although a court can revise its prior rulings, it "should not do so in the vast majority of instances, especially where such motions restyle or rehash the initial issues." In re Southeastern Milk Antitrust Litig., No. 2:07-cv-208, 2011 WL 3793777, at *1 (E.D. Tenn. Aug. 25, 2011) (internal quotations omitted).

**IV. ANALYSIS**

Benoist argues that there was a clear error or manifest injustice because the Court applied the incorrect legal standard for deciding employer liability for harassment and failed to

3

consider relevant facts in the harassment context. (D.E. No. 67 at 1391, 1399.)

The standard the Court applied is not contrary to well-established federal law. In the Order, the Court said that "[t]o establish Titan's liability for a hostile work environment, Benoist must demonstrate that Titan did not respond to her reports in a way 'reasonably calculated to end the harassment.'" (D.E. No. 66 at 1377-78.) Benoist argues that this standard is "contrary to well-settled federal law." (D.E. No. 67 at 1393.) Quoting Waldo v. Consumers Energy Co., 726 F.3d 802 (6th Cir. 2013), Benoist says the correct standard is that the "plaintiff must show that the employer's response manifested indifference or unreasonableness in light of the facts the employer knew or should have known." (D.E. No. 67 at 1393) (quoting Waldo, 726 F.3d at 814). Benoist allows that Waldo goes on to say that "[g]enerally, a response is adequate if it is reasonably calculated to end the harassment." (Id.) (quoting Waldo, 726 F.3d at 814). The Waldo standard, fully stated, is the standard the Court applied. Even applying the incomplete standard on which Benoist relies, she would not prevail.

The facts that Benoist says the Court failed to consider were raised in Benoist's brief in response to Titan's motion for summary judgment. Benoist has already argued that Titan's initial response was Kenyon's threatening voicemail, (D.E. No. 42 at

4

971), that Titan reprimanded Benoist in response to her report of sexual harassment, (id.), and that Titan downplayed the alleged sexual harassment as a family matter, (id.). The Court considered those arguments in deciding Titan's motion for summary judgment. The Local Rules specify that motions to reconsider cannot "repeat" prior arguments. W.D. Tenn. R. 7.3(c). Even if the Court were to consider Benoist's factual arguments for reconsideration on the merits, she would fail for the reasons set forth in the Order.

**V. CONCLUSION**

The Motion is DENIED.

SO ORDERED this 28th day of June, 2021.

                                     */s/ Samuel H. Mays, Jr.*
                                     SAMUEL H. MAYS, JR.
                                     UNITED STATES DISTRICT JUDGE