```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                   WESTERN DIVISION
```

| | |
|---|---|
| TAYLOR BENOIST,<br><br>    Plaintiff,<br><br>v.<br><br>TITAN MEDICAL MANUFACTURING, LLC,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) No. 2:19-cv-02704-SHM-tmp<br>)<br>)<br>) JURY DEMANDED<br>) JURY VERDICT<br>)<br>) |

## ORDER

Before the Court is Defendant Titan Medical Manufacturing, LLC's ("Titan") July 23, 2021 Motion to Impose Statutory Cap (the "Motion"). (D.E. No. 107.) Plaintiff Taylor Benoist ("Benoist") responded on July 30, 2021. (D.E. No. 109.) Titan sought and was granted leave to file a reply. (D.E. Nos. 110, 111.) Titan replied on August 6, 2021. (D.E. No. 114.) The Motion is GRANTED.

Beginning on July 12, 2021, the Court held a jury trial lasting five days. The only claim before the jury was Benoist's retaliation claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, et seq. ("Title VII"). (See D.E. No. 105.) The jury awarded Benoist $250,000 in compensatory and $250,000 in punitive damages. (Id.)

Titan moves to reduce the jury award based on the statutory limitation on recovery in Title VII cases at 42 U.S.C. § 1981a(b)(3)(A). That section provides that damages for a defendant "who has more than 14 and fewer than 101 employees in each of 20 or more calendar weeks in the current or preceding calendar year [shall not exceed] $50,000." 42 U.S.C. § 1981a(b)(3)(A). The "current year" is the year in which the discrimination occurred. Hernandez-Miranda v. Empresas Diaz Masso, Inc., 651 F.3d 167, 175 (1st Cir. 2011) ("[T]he 'current' year for purposes of § 1981a(b)(3) refers to the year of the discrimination"); Vance v. Union Planters Corp., 209 F.3d 438, 446 (5th Cir. 2000) (holding that the "current year" for purposes of § 1981a(b)(3) is the year of the discrimination); Komorowski v. Townline Mini-Mart and Restaurant, 162 F.3d 962, 966 (7th Cir. 1998) ("In accordance with the overwhelming majority, if not all, of the cases to address the issue, the district court did not err in determining that a defendant must employ fifteen or more employees for more than twenty weeks during the year in which the alleged discrimination occurred or during the year preceding the discrimination."). The employer has the burden to prove the number of its employees when moving to impose the cap. Hernandez-Miranda, 651 F.3d at 176; Herring v. SCI Tenn. Funeral Servs., LLC, No. 2:15-CV-280, 2018 WL 2399050, at *6 (E.D. Tenn. May 24, 2018).

Titan has attempted to prove the number of its employees in the relevant years, 2018 and 2017, in two ways. Benoist argues that both are inadequate. (D.E. No. 109 at 2648-49.) First, Titan Human Resources Manager Cheryl Estel ("Estel") testified during the trial, outside the presence of the jury, that Titan had no more than ninety-four employees at any time during 2017 and 2018. (D.E. No. 107-1 at 1665.) Second, Titan attached to the Motion, along with several hundred pages of payroll records, a declaration by Estel that Titan had no more than ninety-four employees during 2017 and 2018. (D.E. Nos. 107-2, 107-3, 107-4.)

Benoist argues that Titan has not satisfied its burden of proof because there was better evidence about the number of Titan's employees at trial. (D.E. No. 109 at 2648-49.) Benoist argues that the Court should not consider Estel's testimony during trial because it was based on documents that were not produced during discovery. (Id.) Benoist argues that the Court should not consider Estel's declaration and the payroll records because they were presented after trial and were not produced during discovery. (Id.)

The other evidence cited by Benoist does not establish that Titan had 101 or more employees for twenty or more weeks during the years 2017 or 2018. Benoist cites trial and deposition testimony from Jeff Kenyon, Jr. ("Mr. Kenyon") that Titan had "pretty close to a hundred, if not over a hundred" employees in

3

2016. (D.E. No. 1091 at 2652.) Mr. Kenyon's testimony continued, "I don't know their exact numbers, you know." (Id.) Mr. Kenyon's testimony refers to an incorrect year and does not establish with any certainty that Titan had 101 or more employees.

Benoist also cites deposition testimony from Donna Kenyon ("Ms. Kenyon") that Titan had approximately 130 employees. (D.E. No. 109-2 at 2653.) Ms. Kenyon's testimony refers to "now," meaning at the time of the deposition in September 2020, and it does not refer to the years 2017 or 2018. (Id.) That testimony is not relevant to the question before the Court.

Benoist cites no authority that Titan cannot rely on testimony or declarations based on documents not provided during discovery to prove the number of its employees. Federal Rule of Civil Procedure 37(c)(1) provides that "[i]f a party fails to provide information or identify a witness as required . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed.R.Civ.P. 37(c)(1). To the extent Rule 37(c)(1) applies, the Sixth Circuit considers five factors when deciding whether a failure to disclose was substantially justified or harmless:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing

4

> party's explanation for its failure to disclose the evidence.

Howe v. City of Akron, 801 F.3d 718, 748 (6th Cir. 2015).

The Howe factors weigh in favor of Titan's use of its payroll records to support Estel's testimony at trial and in her post-trial declaration. Benoist could hardly have been surprised that Titan would invoke the statutory cap and seek to support that cap if a verdict were returned in Benoist's favor. Assuming, however, that Benoist was surprised by the payroll records, that surprise was cured, and disruption to the trial minimized, because Benoist's counsel cross-examined Estel during the trial. EQT Production Co. v. Magnum Hunter Production, Inc., 768 F. App'x 459, 469 (6th Cir. 2019) (citing Howe, 801 F.3d at 749) ("[W]e have held that the ability to cross-examine witnesses about late disclosures during trial both provided an opportunity to remedy surprise and minimized impact on the trial.").

The evidence in question is relevant only to establishing the number of Titan's employees in 2017 and 2018. It is significant for purposes of damages, but not for liability. Titan argues that it did not provide the payroll records because the number of employees it had was not an issue in the case given that it did not argue it was not covered by Title VII. (Id. at 2738.) Titan argues that Benoist never requested payroll records, and that Titan provided all of Benoist's pay records, which

5

Benoist had requested. (Id.) Based on the Howe factors, Titan's failure to provide the payroll records before their use at trial and post-trial was substantially justified. The Court will consider Estel's testimony and declaration based on those records.

Benoist argues that Estel's declaration should not be considered because Titan has provided no legal basis for the Court to consider a post-trial declaration, and federal courts consider the best evidence about the size of a company for purposes of deciding the appropriate damages cap to be trial testimony. (D.E. No. 109 at 2649.) Putting aside that Estel testified during trial that Titan had no more than ninety-four employees during 2017 and 2018, the Court may rely on Estel's declaration.

"Motions to apply § 1981a(b)(3)'s statutory cap to jury verdicts are normally brought and decided by courts at the post-trial stage . . . ." Chapman v. Olymbec USA, LLC, No. 2:18-cv-02842, 2020 WL 1976829, at *7 (W.D. Tenn. April 24, 2020) (collecting cases). Those motions are often decided based on affidavits or declarations produced post-trial. See Parrish v. Sollecito, 280 F. Supp. 2d 145, 158 (S.D.N.Y. 2003) ("Defendants have submitted a sworn affidavit indicating that Acura and Honda together employed less than 100 persons during the relevant time period . . . ."); Smith v. Norwest Fin. Wyo., Inc., 964 F. Supp.

327, 330 (D. Wyo. 1996) ("In the absence of any evidence disputing Mr. Goodman's figures, the Court accepts his affidavit and orders the compensatory damages reduced from $270,000 to $200,000.").

Benoist cites Herring, in which "the [c]ourt agrees with the plaintiff that the evidence presented at trial is the most appropriate evidence on this issue. The defendant has provided no legal authority showing that this [c]ourt may even consider additional information provided by an unidentified individual's affidavit offered post-trial." Herring, 2018 WL 2399050, at *7.

Herring is distinguishable. Estel's declaration is not from an "unidentified individual." Id. It is from Titan's Human Resources Manager. The affidavit in Herring also contained readily identifiable omissions, failing to list employees who had testified during the trial as employees of the company. Id. at *6. Estel's declaration contains no such readily identifiable errors.

Estel's testimony and declaration establish that Titan had no more than ninety-four employees in any week during 2017 or 2018. Ninety-four employees are fewer than the 101 needed to trigger the next level of the capped recovery amounts. See § 1981a(b)(3)(A)-(D). Titan has satisfied its burden. Benoist's recovery is capped at $50,000.

The Motion is GRANTED.

SO ORDERED this 11th day of August, 2021.

                                    */s/ Samuel H. Mays, Jr.*
                                    SAMUEL H. MAYS, JR.
                                    UNITED STATES DISTRICT JUDGE